UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| THEOTIS TOLLIVER, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 2:15-cv-00287-JMS-MJD |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Theotis Tolliver for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**The Petition for Writ of Habeas Corpus**

**I. Background**

Tolliver is a state prisoner who seeks a writ of habeas corpus. The case is before the court for preliminary review pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts. See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993)(Rule 4 provides that upon preliminary consideration, the court may summarily dismiss a § 2254 petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief.").

District Courts are permitted to consider, *sua sponte,* the timeliness of a prisoner's habeas petition, but must afford the parties notice and an opportunity to be heard before acting on their own initiative to dismiss a petition as untimely. *See Day v. McDonough,* 547 U.S. 198 (2006); *U.S. v. Bendolph,* 409 F.3d 155 (3d Cir. 2005). That is the procedure which has been followed in this case.

1

Tolliver was convicted of Murder and found to be a habitual offender. His conviction was affirmed on direct appeal in *Tolliver v. State*, 922 N.E.2d 1272 (Ind.Ct.App. 2010), and his petition for transfer was denied on May 20, 2010. No petition for certiorari review was filed.

Tolliver now seeks a writ of habeas corpus. His petition was signed on September 14, 2015, and filed with the clerk three days later on September 17, 2015. Tolliver contends in his habeas petition that his conviction is constitutionally infirm.

## II. Discussion

### A.

The statute of limitations applicable to federal habeas corpus actions "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000). Subject to exceptions not applicable here, the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). *See Johnson v. Robert,* 431 F.3d 992, 992 (7th Cir. 2005).

Tolliver's conviction became "final" for statute of limitations purposes on the last date on which he could have filed a petition for a writ of certiorari. *See* 28 U.S.C. § 2244(d)(1)(A); *Griffith v. Kentucky*, 479 U.S. 314, 321 & n.6 (1987). That date, in Tolliver's case, was August 18, 2010.

Tolliver states that he filed a petition for post-conviction relief on April 19, 2013, that the action was withdrawn on March 20, 2013, that the action was re-filed on April 8, 2013, and that the action for post-conviction relief then remained pending in the Indiana state courts until April 14, 2015. His later filings, however, show that the first of these two dates was incorrectly recited in his habeas petition and that in fact he first filed his petition for post-conviction relief on March

25, 2011. This explains why the following computation differs from that outlined in Part II.A. of the Entry of September 22, 2015.

## B.

The foregoing shows that the present action was filed five years and one month after Tolliver's conviction became final. The foregoing also shows that the action for post-conviction relief was filed 219 days after his conviction became final. At that point, the tolling provision of 28 U.S.C. § 2244(d)(1) kicked in and the running of the statute of limitations was tolled until March 20, 2013, the statute ran from March 21, 2013 until April 8, 2013, and the running of the statute was tolled until April 14, 2015. At that point, there were 128 days left in the statute of limitations. The 128th day after April 14, 2015 was August 19, 2015, a Wednesday. The petition was not filed by that date, but was filed 26 days later on September 14, 2015. The date of September 14, 2015, was the date Tolliver signed his habeas petition. Applying the prison mailbox rule, this is the date his petition can be considered to have been filed.

Tolliver thus missed the deadline for filing a habeas petition by 26 days. This makes it close to the deadline, but not close enough. *See, e.g.*, *Johnson v. McBride,* 381 F.3d 587, 589-90 (7th Cir. 2004)(finding that the petitioner, whose petition was mailed to the court by his attorney and arrived at the court one day after the expiration of the one-year limitation period, was not entitled to equitable tolling of the limitation period because the attorney was the petitioner's agent, whose acts were attributable to the petitioner), *cert. denied,* 544 U.S. 926 (2005). Tolliver's habeas petition was not filed by counsel, and this is why he receives the benefit of the prison mailbox rule. But *Johnson* controls in the sense that a habeas petition filed at little as one day late is filed outside the statutory period. *Id.* at 591 ("Johnson enjoyed thorough consideration by the Supreme Court of Indiana on both direct appeal and collateral attack. To obtain another round of review in federal

court, Johnson had to meet the statutory criteria. He did not do so, and we are not authorized to excuse his non-compliance."); *Modrowski v. Mote,* 322 F.3d 965 (7th Cir. 2003)(habeas petition filed one day late was not excused by attorney's shortcomings); *see also Bismark v. Sec'y, Dep't of Corr.*, 171 F. App'x 278, 280 (11th Cir. 2006)("In light of the Christmas holiday falling on the date the petition was otherwise due, however, his petition became due on December 26, 2001, such that his December 27, 2001, filing was one day late.").

The court has also given careful consideration to Tolliver's filing of December 22, 2015 to ascertain whether there is a basis for equitable tolling of the statute of limitations. Alas, there is no indication of any extraordinary circumstances that prevented the timely filing of his petition. And as noted, the original post-conviction petition was filed 219 days after his conviction became final, which has been considered beyond a point consistent with the demonstration of due diligence. *See Kraemer v. Grounds*, 2013 WL 4804893, at *5 (N.D.Ill. Sept. 9, 2013)(collecting cases); *Hendricks v. Bradt*, 2008 WL 5054196, at *3 (N.D.N.Y. Nov. 21, 2008).

### III. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). Tolliver has encountered the hurdles produced by the 1-year statute of limitations and the doctrine of procedural default. His petition for writ of habeas corpus was filed long after the statute of limitations had expired. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore denied without a decision being made as to the merits of his claims.

Judgment consistent with this Entry shall now issue.

**Certificate of Appealability**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2254 Proceedings*, and 28 U.S.C. ' 2253(c), the court finds that Tolliver has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date: January 7, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

THEOTIS TOLLIVER
978615
WABASH VALLEY CORRECTIONAL FACILITY
Electronic Service Participant – Court only